Entered on Docket
September 16, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



SUZZANNE UHLAND (S.B. #136852)
BRETT WILLIAMSON (S.B. # 145235)
KAREN RINEHART (S.B. #185996)
JENNIFER TAYLOR (S.B. # 241191)
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

Signed and Filed: September 15, 2010

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge
_____

Attorneys for the At Home Liquidating Trust, successor in interest to At Home Corporation, *et al*., Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>AT HOME CORPORATION,<br>a Delaware corporation, et al.,<br><br>Debtors. | Case No. 01-32495-TC<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**FINAL DECREE AND ORDER CLOSING CASES AS OF SEPTEMBER 30, 2010**<br><br>[No Hearing Held Pursuant To Local Bankr. Rules 3022-1(b) and 9014-1.] |

Upon the motion of Jacquelyn Crawford, on behalf of and as trustee for the At Home Liquidating Trust (the "AHLT"), successor in interest to At Home Corporation ("At Home") and certain of its affiliated entities[1] (together with At Home, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), filed with this Court on July 16, 2010, for entry of an order authorizing entry of the final decree and the closing of the Bankruptcy Cases concurrently with the scheduled termination of the AHLT on

---

[1] Such other affiliated entities include: At Home Corporation; MatchLogic, Inc.; Classifieds 2000, Inc.; Excite@Home Work.com Holding Corporation; Join Systems, Inc.; Narrative Communications Corporation; iMall, Inc.; Netbot, Inc.; The McKinley Group, Inc.; Kendara, Inc.; Webshots Corporation; Worldprints.com International, Inc.; iMall Consulting, Inc.; iMall Services, Inc.; R&R Advertising Inc.; Cabot Richards & Reed; Internet Yellow Pages; Internet Merchandising, Inc.; Pure Payments, Inc.; Physicomp Corporation; Chautauqa Publishing Group, LLC; Full Force Systems, Inc.; Pogo Acquisition Corporation; At Home Holdings Corporation; MAC Corporation; At Home L.P.; AtHome.net; At Home Network, Inc.; DataInsight, Inc.; Excite@Home Canada, Inc. and Excite SARL.

September 30, 2010, pursuant to 11 U.S.C. § 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Motion"):[2]

NOW, THEREFORE, based upon all of the evidence proffered or adduced; the memoranda filed in connection therewith; the *Notice of Objection and Request for Hearing by Riverside Contracting LLC re Trustee Crawford's Motion for Order (1) Authorizing Entry of the Final Decree and the Closing of the Cases and (2) Granting Related Relief* [Docket No. 5256]; the *Statement of Bondholders' Liquidating Trust re: Trustee's Motion for Order (1) Authorizing Entry of the Final Decree and the Closing of the Cases and (2) Granting Related Relief* [Docket No. 5263]; the *Supplemental Objection by Riverside Contracting LLC re Trustee Crawford's Motion for Order (1) Authorizing Entry of the Final Decree and the Closing of the Cases and (2) Granting Related Relief* [Docket No. 5267]; the arguments presented at the hearing held on September 10, 2010; and the Court having determined that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and upon the entire record of such hearing and the Bankruptcy Cases; and after due deliberation thereon; and good cause appearing therefore;

**IT IS HEREBY FOUND, CONCLUDED AND DECLARED THAT**:[3]

A. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A). Venue of the Bankruptcy Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Code section 350(a) and Federal Rule of Bankruptcy Procedure 3022.

B. Good and sufficient notice of the Motion has been given in accordance with Bankruptcy Local Rules 3022-1(b) and 9014-1 of the United States Bankruptcy Court for the Northern District of California and notice is in compliance with the Federal Rules of Bankruptcy Procedure, and the local rules of procedure of this Court. Parties in interest have been afforded a reasonable opportunity to object to or be heard regarding the relief requested in the Motion, and

---

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.
[3] Pursuant to Federal Rule of Bankruptcy Procedure 7052, finding of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact as appropriate.

no other or further notice is necessary to grant the relief herein.

   C.  The Confirmation Order has become final.

   D.  The Plan does not require any deposits.

   E.  The property required to be transferred by the Debtors under the Plan has been transferred.

   F.  Plan payments have commenced.

   G.  The Plan has been substantially consummated.

   H.  All statutory fees in the Bankruptcy Cases have been or will be satisfied.

**IT IS ORDERED THAT:**

  1.  The Motion is GRANTED, and any objections thereto that have not been withdrawn are overruled.

  2.  The Bankruptcy Cases are hereby closed as of September 30, 2010, without prejudice to the right of any party in interest to reopen the Bankruptcy Cases pursuant to 11 U.S.C. § 350(b), and without prejudice to the right of the Bondholders' Liquidating Trust (the "BHLT") to reopen the Bankruptcy Cases pursuant to paragraph 4 below.

  3.  Immediately upon entry of this Order, Omni Management Group, the claims and noticing agent for the Bankruptcy Cases, shall be discharged of any further responsibilities in the Bankruptcy Cases.

  4.  In the event that the BHLT seeks approval of the Court: (a) for the administrative purpose of requesting further extensions of the term of the BHLT, or (b) of any settlement, sale or other disposition of the Controlling Shareholders Related Litigation to the extent required by the Plan:

   (i) the Bankruptcy Cases shall be deemed reopened solely for such limited purpose(s) upon the filing by the BHLT of a motion seeking relief substantially of the type specified in the foregoing clauses (a) or (b);

   (ii) service of the notice of such motion(s) may be limited to the AHLT, the United States Trustee, the General Unsecured Creditors' Liquidating Trust, the Official Committee of Equity Security Holders, and the parties required to receive notice pursuant to the Plan and the Bondholders' Liquidating Trust Agreement; and

      (iii) the Bankruptcy Cases shall be deemed closed immediately upon resolution or withdrawal of such motion.

5. The BHLT shall not to be deemed to be the successor of the AHLT for any reason and shall not be deemed to have assumed any liabilities of the AHLT.

6. Any orders heretofore entered by the Court in the Bankruptcy Cases shall survive the entry of this Order.

7. Notwithstanding entry of this Order, the Court shall retain jurisdiction to enforce and interpret its orders in the Bankruptcy Cases.

*END OF ORDER*

# COURT SERVICE LIST

**Counsel to Riverside Contracting LLC**
Bernard S. Greenfield
Trepel McGrane Greenfield LLP
150 California Street, Suite 2200
San Francisco, CA 94111

**Counsel for the At Home Liquidating Trust, successor in interest to At Home Corporation, et al., Debtors and Debtors in Possession**
Brett Williamson, Esq.
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660

**Co-Counsel to Bondholders' Liquidating Trust**
Joseph Allerhand, Esq.
Richard Slack, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Counsel for the At Home Liquidating Trust, successor in interest to At Home Corporation, et al., Debtors and Debtors in Possession**
Suzzanne Uhland
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111